UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENGER, et al.,<br>　　　Plaintiffs,<br><br>　　v.<br><br>TOWN OF EASTON, et al.,<br>　　　Defendants. | No. 13-cv-695 (MPS) |

MEMORANDUM OF DECISION

I.　　INTRODUCTION

　　　Defendants Town of Easton, Region 9 Board of Education, and Hellen Keller Middle School (collectively "Defendants") removed this negligence action to federal court some five years after it was filed, relying on a reference to federal law in two sentences in a recent disclosure of the opinions of one of the Plaintiffs' designated expert witnesses as a basis for federal question jurisdiction. (*See* Notice of Removal [Dkt. # 1].) Defendants invoke a provision of the removal statute that permits the filing of the notice of removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), and argue that the expert disclosure constitutes an "other paper" from which removability may be ascertained. Plaintiffs, Ashley Wenger and Linda Wenger (collectively "Plaintiffs") have moved to remand the case, and have sought an award of costs and expenses under 28 U.S.C. § 1447(c). (*See* Mot. to Remand [Dkt. # 21].)

　　　The Court grants Plaintiffs' motion to remand. The federal law referred to briefly in the expert disclosure is not a necessary element of the state-law negligence claims, and may not figure in the case at all, as it is only one of many bases on which the expert is apparently going to rely for his conclusion that Defendants were negligent. Opening the doors of federal courthouses

1

to negligence claims that merely touch on federal law by way of an expert's opinion about the standard of care would divert from state to federal court a flood of quintessentially state law claims between non-diverse parties, and thereby upset the delicate balance between state court and federal court jurisdiction.  The Court exercises its discretion to deny the award of costs.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs, a mother and her minor child, initiated this action in Connecticut Superior Court on March 6, 2008 and amended their complaint on December 29, 2008.  (Pls.' Mot. to Remand [Dkt. # 21] at 2.)  The operative complaint alleges that the minor child presented to her school's nurse's office with complaints of a headache and nausea, for which she was administered Ibuprofen.  (Pls.' Mot. to Remand, Ex. A [Dkt. # 21] at ¶ 14.) After taking the medication, the minor child returned to her music class where she was directed to stand next to a piano, at which point she fainted and struck her head.  (*Id.* at ¶¶ 17-18.)  As a result, the complaint alleges, the minor child suffered severe and disabling injuries.  (*Id.* at ¶ 28.)

Of the four counts in the amended complaint, three of them are labeled "negligence" and one asserts a claim by the mother of the minor child for expenses and "loss of services."  (*See id.*, Counts 1-4.)  Nowhere does the complaint expressly refer to federal law.  Although the complaint does refer to an "Individualized Health Care Plan in place for Ashley, as a student on crutches with a knee disability" and to the absence of "an Individualized Emergency Care Plan," (*id.* at ¶ 31(d) and (p)), the complaint asserts no cause of action under Section 504 of the Rehabilitation Act of 1973, the federal law provision that Plaintiffs referenced in an expert disclosure, and the federal law upon which Defendants removed the action to federal court and ask this Court to exercise jurisdiction.

In their expert disclosure of Dr. Edward Dragan—one of Plaintiffs' thirteen experts, including two on liability—Plaintiffs state the following:

> Dr. Dragan is further expected to testify that the District, school administration, staff and teachers failed the student in not initiating a 504 Plan, when they had clear knowledge that this child had medical necessity for use of crutches, and then one crutch, for help in ambulating from November, 2005 through May, 2006.  He will testify regarding the need for such a Plan, when there is a student, such as Ashley Wenger, who clearly needs assistance, and had there been such a plan, that the student would not have been required to stand by the piano on March 8, 2006.

(Pls.' Mot. to Remand, Exhibit B [Dkt. # 21].)  Dr. Dragan's opinion regarding the failure to have a 504 plan is just one of several bases for his opinion that Defendants were negligent, each of which, if proven, could serve as an independent basis for a finding of negligence.  (*See* Pls.' Expert Disclosure, attached as Exhibit B to Pls.' Mot. to Remand [Dkt. # 21] at 13-15 (stating that Dr. Dragan will also testify about, among other things, how the Board failed to appropriately train and supervise its staff, failed to act in accordance with the customs and practices of the field, and, through its administration and the school nurse, failed to respond to the medical emergency).)

Based on the expert disclosure of Dr. Dragan, Defendants removed the original state court action to federal court under 28 U.S.C. § 1446.

### III.   DISCUSSION

#### A.   Motion to Remand

Section 1441 of Title 28 of the United States Code provides that any civil action brought in state court of which the federal district courts have original jurisdiction—including federal question jurisdiction under 28 U.S.C. § 1331—may be removed by the defendants to a federal district court.  28 U.S.C. § 1441(a).  Section 1446 further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by

the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Defendants argue that the expert disclosure of Dr. Dragan constitutes an "other paper" under 28 U.S.C. § 1446(b)(3) from which it was first ascertained that the case was removable.  According to Defendants, the expert disclosure, which mentions a failure to institute a "504 Plan" as one basis for finding negligence liability, creates federal subject matter jurisdiction over the case because it raises a federal question under Section 504 of the Rehabilitation Act.

Defendants' argument is easily resolved by the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).  In *Grable*, the Court recognized that, even where the plaintiff pleads no federal cause of action, federal courts may nonetheless exercise jurisdiction over "state-law claims that implicate significant federal issues." *Id.* at 312.  The Court held that, in deciding jurisdiction under such circumstances, the question is whether a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Although this is not a case, like *Grable*, where no federal cause of action could exist, *see Doe v. N.Y. Univ.*, 666 F.2d 761, 774 (2d Cir. 1981) (holding that Section 504 contains an implied private right of action), it is clear that the complaint does not plead a federal cause of action under Section 504 or any other federal statute.  Thus, there can be federal jurisdiction only under the narrow exception recognized in *Grable* in which resolution of a state law cause of action "necessarily" depends on a resolution of a substantial federal question.  *See id.* at 314.  To formulate that test is to end the analysis in this case.  The expert disclosure makes clear that Dr.

Dragan's opinion that Defendants "failed the student in not initiating a 504 Plan, when they had clear knowledge that this child had medical necessity for use of crutches" is not a necessary element of his opinion that Defendants were negligent; rather, the specific opinion upon which Defendants' seek to invoke federal jurisdiction is just one of several independent bases for that opinion. (*See* Pls.' Mot. to Remand, Ex. B [Dkt. # 21] at 13-15.)  For example, the disclosure states that he also rests his conclusion on, among other things, the Board's failure to train and supervise its staff regarding the dangers of administering medications to students and the "reasonableness and appropriateness" of requiring a child to stand near a piano even though she needed a crutch to walk, "in breach of common sense, and . . . the professional standard of care." (*See id.*)

Under Connecticut law, "[p]roof that the defendant was negligent in just one of the ways claimed is sufficient to prove negligence." *Tremper v. State*, NNHCV095028721S, 2013 WL 593894, at *13 (Conn. Super. Ct. Jan. 15, 2013).  Answering the question of whether Defendants violated Section 504 of the Rehabilitation Act is therefore not necessary to answering the question of whether Defendants were negligent.  In other words, violation of Section 504 is but one "theory" upon which Plaintiffs could establish negligence and obtain the relief they seek. *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005) (stating that "[w]here a federal issue is present as only one of multiple theories that could support a particular claim, however, this is insufficient to create federal jurisdiction" and "[o]ne of the key characteristics of a mere 'theory,' as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it.") (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807-809, 811-813 (1988)).  Thus, Plaintiffs' state-law negligence claims do not "necessarily" raise a federal question.  *See Grable*, 545 U.S. at 314.

Indeed, *Grable* itself foreclosed the jurisdiction theory advanced by Defendants here. Recalling its decision in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), the *Grable* court expressed concern over the idea of welcoming "any state-law tort case implicating federal law solely because the violation of the federal statute is said to create a rebuttable presumption of negligence under state law."[1] *Grable*, 545 U.S. at 319 (internal quotation marks, ellipses, and brackets omitted). As the Court concluded in *Grable*, "[a] general rule of exercising federal jurisdiction over state claims resting on . . . [federal] statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." *Id.* The Court here agrees that exercising jurisdiction under such circumstances, which are substantially similar to the circumstances in this case, would upset the delicate balance between the state and federal courts.

Finally, as for the reported intentions of Plaintiffs to add a Section 504 claim to their complaint—which, according to an affidavit by defense counsel, were announced in a recent telephone call by Plaintiffs' counsel (Defs.' Opp'n, Ex. B [Dkt. # 22-2] at ¶ 6)—intentions about future claims are irrelevant for removal purposes. The portion of the removal statute relied on by defendants requires the receipt of a pleading, motion, order or "other paper." 28 U.S.C. § 1446(b)(3). A telephone call will not do.

Because the Plaintiffs' have not pled a federal cause of action, and because the circumstances of this case do not meet the limited exception recognized in *Grable*, the Court concludes that it lacks subject matter jurisdiction and remands the action back to state court.

---

[1] Although Plaintiffs have not pled a negligence *per se* claim, *see* 2013 Connecticut Practice Book, State of Connecticut Judicial Branch, Ch. 10, § 10(3)(a) ("When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number"), the expert's reliance on a federal statute as one of the bases for his opinion about the standard of care is akin to the negligence *per se* claim discussed in *Grable.*

### B. Costs

The Court exercises its discretion not to impose costs and expenses under 28 U.S.C. § 1447(c). Although it seems fairly obvious that a brief reference to federal law by an expert as one of several bases for a conclusion that a defendant is negligence cannot satisfy the *Grable* standard, Plaintiffs have been somewhat coy about their intentions of whether or not to raise a § 504 claim. (*See, e.g.*, Pls.' Mot. to Remand [Dkt. # 21] at 4 ("defendants' contention that plaintiffs' expert disclosure is 'other paper' under 28 U.S.C. § 1446(b)(3) is misplaced, and wrong, unless they are willing to stipulate that the plaintiffs can assert such a claim without objection").) Defendants were concerned that failing to remove at the first opportunity would amount to a waiver. While the case is clearly not removable, the Court declines to impose fees and costs under these circumstances.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [Dkt. # 21] is GRANTED, but their request to impose costs is DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

  /s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         September 30, 2013